

**Sullivan & Worcester LLP**
One Post Office Square
Boston, MA 02109

617 338 2800
sullivanlaw.com

May 22, 2020

**By ECF Filing**

Hon. Ronnie Abrams
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   ***Bloom, et al. v. Emden, et al.***, Civ. No. 19-10155-RA

Dear Judge Abrams:

I write in response to the May 20, 2020 letter filed on behalf of the Plaintiffs in the above-captioned case.

Plaintiffs' May 20, 2020 letter reconfirms that Plaintiffs have no facts to cure the jurisdictional infirmities of their case. Having been asked pointedly if additional facts exist to justify the Court's power over the Emdens, Plaintiffs have provided none. Despite ominous references to "85 e-mails," Plaintiffs provided the Court with only one additional document. That lone document leads to the opposite conclusion Plaintiffs would want: Juan Carlos Emden has consistently objected to the idea of litigating a title dispute in New York, a state with which he and his brothers have no connection. Plaintiffs do not have any colorable basis for forcing Chilean citizens to litigate a case in New York.

Of the 85 e-mails, according to Plaintiffs merely eleven actually relate to the painting at issue in this case. And all of those relate to the settlement discussions that the Plaintiffs initiated. For reasons previously stated, settlement discussions and assertions of legal rights do not establish jurisdiction.

By Plaintiffs' own admission, most of the remaining emails have no connection to the painting at issue in this case. These irrelevant messages provide no conceivable basis for jurisdiction under the New York long arm statute. Plaintiffs' suggestion that the Emdens have made communications concerning the "New York market generally," with respect to unrelated objects, has no bearing on this case. There is no general jurisdiction here, as Plaintiffs long ago conceded. Plaintiffs continued efforts to suggest a conclusion that they cannot support speaks for itself.

Nor does the number of e-mail communications carry any weight. There could one more e-mail, there could be 1,000 more e-mails; the answer does not change: the Emdens asserting their rights in a conversation started by the Plaintiffs does not subject the Emdens

Hon. Ronnie Abrams
Page 2
May 22, 2020

to the jurisdiction of the New York courts; nor do the Emdens' unrelated email communications with non-parties. If any of these emails had the power to change the jurisdictional analysis, Plaintiffs would have included them with their filing.

Defendants established in their moving papers why there can never be a claim of tortious interference in this case, and Plaintiffs do not propose to amend the Complaint to add such a claim. They try to have it both ways, however, insinuating an "improper plan" (the Plaintiffs' description of asserting one's rights) directed toward Houston—not New York—about which they provide zero information. Plaintiffs imply that as heirs of the undeniable victim of Nazi persecution, the Emdens invite litigation anywhere that Max Emden's paintings ended up and his grandsons have the audacity to ask questions. This is not the case.

Plaintiffs' counsel provided the correct and honest answer when asked by the Court during the recent status call: there are no additional facts relevant to the Court's jurisdictional inquiry such that amendment could save their case. The May 20, 2020 letter confirms that response, and may thus be disregarded.

Defendants respectfully reiterate their request that the Complaint be dismissed forthwith and the case closed. I look forward to addressing the Court this afternoon.

Sincerely,

Nicholas M. O'Donnell

Direct line: 617-338-2814
nodonnell@sullivanlaw.com

cc:    Counsel of record (via ECF service)