```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/08/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUSAN F. BLOOM and FIDUCIARY TRUST
COMPANY INTERNATIONAL, as Executors of
the Last Will and Testament of ADELE KLAPPER,

                              Plaintiffs,

       v.

JUAN CARLOS EMDEN, MIGUEL ERIC
EMDEN, and NICOLAS MARCELO EMDEN,

                              Defendants.

Civil Action No. 19-10155-RA
STIPULATION AND PROPOSED
PROTECTIVE ORDER

      Susan F. Bloom and Fiduciary Trust Company International ("Plaintiffs"); Juan Carlos Emden, Miguel Eric Emden, and Nicolas Marcelo Emden ("Defendants"; together with Plaintiffs, the "Parties"; each individually, a "Party"); and non-party Christie's Inc. ("Christie's"), having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby AGREED and ORDERED that the following restrictions and procedures shall apply to the information and documents produced by Christie's in connection with the pre-trial phase of this action.

      1.    **Scope.**  Christie's may designate any document or information, in whole or in part, as confidential if Christie's or its counsel determines, in good faith, that such designation is necessary to protect Christie's interests in information that is proprietary, a trade secret or otherwise sensitive non-public information. Subject the procedures below, Christie's may designate any document or information, in whole or in part, as "Highly Confidential - Attorneys'

1

Eyes Only Information" if its counsel determines, in good faith, that such designation is necessary because disclosure could cause competitive harm to that party, or a nonparty, if disclosed to another party <u>and</u> the Parties meet and confer if any production requires a designation of 'For Attorneys' or Experts' Eyes Only. Information and documents designated by Christie's as confidential (the "Documents"; each individually, a "Document") will be stamped "CONFIDENTIAL." Information and documents designated by Christie's as "Highly Confidential – Attorneys' Eyes Only" will be stamped "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and may be viewed only by counsel for the parties in this matter. Christie's designation of a particular Document as confidential or highly confidential – for attorney's eyes only under this Confidential Agreement does not create any confidentiality-related obligations for a Party who was an author and/or recipient of such document prior to its litigation production. Christie's designation of a Document as confidential under this Confidentiality Agreement does not impose upon any Party any obligation to refrain from disclosure of information that is reflected in such Document but that the Party held prior to the litigation production of the Document without any restrictions from disclosure.

      2.      **No Admission of Jurisdictional Relevance.** The Parties and Christie's agree that this Confidentiality Agreement does not constitute an admission of the jurisdiction of the courts of New York over the Defendants or a waiver by the Defendants of any and all jurisdictional defenses. They further agree that the Confidentiality Agreement shall not be used as evidence supporting the jurisdiction of the courts of New York over the Defendants. By entering into this Confidentiality Agreement, the Defendants do not in any way submit to the jurisdiction of New York.

3. **Form and Timing of Designation.** Confidential Documents shall be so designated by placing or affixing the word "CONFIDENTIAL" or the words "HIGHLY CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" on the Document in a manner which will not interfere with the legibility of the Document. Documents shall be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY prior to, or contemporaneously with, the production or disclosure of the documents by Christie's.

4. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with this action.

5. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

6. **Protection of Confidential Material.**

a. **Limited Third Party Disclosures.** The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Documents designated CONFIDENTIAL under the terms of this Confidentiality Agreement to any other person or entity except as set forth in subparagraphs (1)–(8) below:

(1) **Counsel**. Counsel and employees of counsel for the Parties;

(2) **Parties**. Parties to this Agreement, together with their employees but only to the extent that each such employee's assistance is necessary to the conduct of this lawsuit;

(3) **Witnesses**. In the case of any written correspondence (including attachments thereto), any person who authored, sent, or was sent the correspondence, if this fact is readily apparent from the face of the document;

(4) **The Court, Court Reporters, and Recorders**. The Court, its clerks and other personnel, and any jury impaneled in this matter (and any other persons present during a hearing and/or trial), as well as Court reporters and recorders engaged for depositions;

(4) **Outside Vendors**. Those persons, if any, specifically engaged by counsel to the Parties for the limited purpose of making photocopies of documents, assisting with document review software and/or data processing, or providing graphic production services;

(5) **Consultants and Experts**. Consultants, investigators, or experts employed by the parties to assist in the preparation and trial of this lawsuit, provided they agree to be bound by the terms of this protective order;

(7) **Others By Consent or Order of the Court**. Other persons only by written consent of Christie's or upon order of the Court and on such conditions as may be agreed or ordered.

b. **Disclosure of Highly Confidential Material.** Counsel for the Parties shall not disclose or permit the disclosure of any Documents designated HIGHLY CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY under the terms of this Confidentiality Agreement to any other person or entity, including the parties in this action, except as set forth in subparagraphs (1)–(6) below:

  (1) **Counsel**. Counsel and employees of counsel for the Parties;

  (2) **Witnesses**. In the case of any written correspondence (including attachments thereto), any person who authored, sent, or was sent the correspondence, if this fact is readily apparent from the face of the document;

  (3) **The Court, Court Reporters, and Recorders**. The Court, its clerks and other personnel, and any jury impaneled in this matter, as well as Court reporters and recorders engaged for depositions;

  (4) **Outside Vendors**. Those persons, if any, specifically engaged by counsel to the Parties for the limited purpose of making photocopies of documents, assisting with document review software and/or data processing, or providing graphic production services;

  (5) **Consultants and Experts**. Consultants, investigators, or experts employed by the parties to assist in the preparation and trial of this lawsuit, provided they agree to be bound by the terms of this protective order;

  (6) **Others By Consent or Order of the Court**. Other persons only by written consent of Christie's or upon order of the Court and on such conditions as may be agreed or ordered.

 c. **Control of Documents.** Counsel for the Parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as Confidential pursuant to the terms of this Confidentiality Agreement.

 d. **Copies.** If copies or extracts are made of documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY, such designation shall not be removed from such copies or extracts (unless the Court has

ruled that the document is not entitled to be filed under seal or otherwise entitled to protection from disclosure). All such copies or extracts shall be afforded the full protection of this agreement. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents

7. The disclosure of a document or information without designating it as "confidential" or "highly confidential – for attorneys' eyes only" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. **Filing of Confidential Materials.** Prior to a Party including with any Court filing any information designated Confidential or Highly Confidential – For Attorneys' Eyes Only by Christie's, such filing Party shall inform Christie's, no later than three (3) business days before such filing is due, of its intent to file and identify the specific information and/or Documents at issue ("Notice of Intent to File"). The Party and Christie's shall promptly confer and endeavor to mutually agree upon (a) redaction of documents to protect confidentiality or (b) a limited waiver of confidentiality. Christie's consent to redactions or waiver shall not be unreasonably withheld. If Christie's does not waive confidentiality, within two (2) business days of the Notice of Intent to File Christie's shall provide an affidavit of counsel describing basis for protecting the document through redaction and/or filing under seal. The affidavit of counsel shall not itself include confidential information. The filing Party shall file a letter motion with the Court

regarding the dispute and shall include the affidavit of counsel as an exhibit to its letter motion. Consistent with Judge Abrams's Individual Rules and Practices in Civil Cases, it shall separately and contemporaneously file under seal the document for which Christie's seeks protection.

9. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving Party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. Christie's may specify the minimal level of protection expected in the storage and transfer of its information. In the event the Party who received PII experiences a data breach, it shall immediately notify Christie's of same and cooperate with Christie's to address and remedy the breach. Nothing herein shall preclude Christie's from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

10. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit Christie's right to conduct a review of documents, ESI or information

(including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11. Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

12. **Treatment on Conclusion of Litigation.** All provisions of this Agreement restricting the use of documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

13. **Return of Confidential or Highly Confidential Documents.** Within thirty (30) days after the conclusion of the litigation, including the conclusion of any appeal, all documents treated as confidential or highly confidential – for attorneys' eyes only pursuant to this agreement, including copies as defined above, shall be destroyed or returned to Christie's unless the document has been entered as evidence or filed (unless introduced or filed under seal). A party may comply with this provision by destroying all confidential or highly confidential – for attorneys' eyes only documents and certifying to the destruction of same.

14. **No Judicial Determination.**  This Agreement is entered based on the representations and agreements of Christie's and the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY by Christie's is subject to

protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

15. **Persons Bound.** This Agreement shall be binding upon: (1) counsel who signed below and their respective law firms; (2) their respective clients; and (3) Christie's.

16. Nothing herein shall preclude the Parties from disclosing material designated to be Confidential Information if otherwise required by law or court order.

SO STIPULATED AND AGREED.

/s/ John D. Winter

John D. Winter
PATTERSON BEKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone: (212) 336-2000
Fax: (212) 336-2222
jwinter@pbwt.com
*Counsel for Plaintiffs*

Dated: July 6, 2020

/s/ Nicholas M. O'Donnell

Nicholas M. O'Donnell
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(617) 338-2800 (phone)
(617) 338-2880 (fax)
nodonnell@sullivanlaw.com
*Counsel for Defendants*

Dated: July 6, 2020

SO ORDERED

*Katharine H Parker* (signature)

Katharine H. Parker, U.S.M.J.

Dated: July  8 , 2020
        New York, NY

**<u>Agreement</u>**

      I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" are confidential by Order of the Court.

      I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated: July     , 2020

_____
Signed in the presence of:


_____
(Attorney)