# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

June 17, 2021

John Winter
Partner
(212) 336-2836
jwinter@pbwt.com

**By ECF**

Judge Ronnie Abrams
U.S. District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:    *Bloom et al. v. Emden et al.*, No. 19-cv-10155-RA-KHP

Dear Judge Abrams:

In accordance with a suggestion made by Magistrate Judge Parker at a case management conference on June 16, 2021, on behalf of Plaintiffs Susan F. Bloom and Fiduciary Trust Company International ("Plaintiffs"), we write to request permission to submit a supplemental affidavit in further opposition to Defendants Juan Carlos Emden, Miguel Eric Emden, and Nicolas Marcelo Emden's ("Defendants") motion to dismiss the Verified Complaint for lack of personal jurisdiction, ECF No. 17.

The parties are currently engaged in discovery, and Defendants produced in May a significant number of documents from Juan Carlos Emden's ("Juan Carlos") personal e-mail account in response to Plaintiffs' document requests.  Among those documents, Plaintiffs have identified:

- Fifteen documents between Juan Carlos and either Monica Dugot of Christie's or Lucian Simmons of Sotheby's—including seven exchanged after Plaintiffs and Christie's entered into an agreement governing the consignment of the painting at issue in this lawsuit—that are responsive to Plaintiffs' third-party jurisdictional discovery that was served pursuant to a Court Order, and that demonstrate a nexus between Defendants and the New York art market, but were not produced by either Christie's or Sotheby's.  To be clear, Plaintiffs have no basis to claim that these documents were deliberately withheld;

- Three documents between Juan Carlos and either various relatives or Larry Cohen, the provenance researcher he hired in approximately 2006, demonstrating Juan Carlos's presence in New York to meet with agents in furtherance of the scheme discussed in Plaintiffs' opposition papers;

12812970

Judge Abrams
June 17, 2021
Page 2

- Six documents between Juan Carlos and either Larry Cohen, the chairman of the Monuments Men Foundation, or other acquaintances demonstrating that Juan Carlos dispatched his agents to conduct research in New York or to engage in steps to further Defendants' scheme in New York;

- Four documents between Juan Carlos and various relatives, and one document between Jon Olsoff of Sotheby's and Defendants' former counsel, Edward Klein, Esq., demonstrating Defendants' further outreach to, solicitation of business in, or interference with, the New York art market;

- Two further documents establishing that Defendants knew the painting that is the issue of this lawsuit was in New York in the Klapper collection in 2007.

These documents, which Plaintiffs have already identified to Defendants, lend further support to the argument made in Plaintiffs' supplemental opposition papers, ECF No. 46, to Defendants' motion: that Defendants have engaged in a years-long pattern to interfere or engage with in the New York art market, and have maintained a consistent nexus with New York in doing so through their own presence in New York and through the hiring of researchers and advocates who have targeted New York institutions.  Since that motion is sub judice, Plaintiffs seek permission to file a supplemental affidavit so the documents further supporting this argument can be properly before Your Honor.

Plaintiffs do not need to amend their Verified Complaint to properly raise these jurisdictional facts before the Court, but rather may submit them in the form of a supplemental affidavit.  Indeed, the Court may consider statements in affidavits and supporting materials to justify the exercise of jurisdiction in this case. *Whitaker v. American Telecasting Inc.*, 261 F.3d 196, 208 (2d Cir. 2001).  Moreover, proceeding by affidavit would simplify these proceedings and thereby further the interests of justice and judicial economy.  Plaintiffs bring forward these facts not to seek damages for tortious interference—if that were the case, Fed. R. Civ. P. 15(d) would provide the appropriate mechanism to amend the Verified Complaint to set forth these newly discovered facts—but to demonstrate the appropriateness of jurisdiction over Defendants. Yet, the rationale behind Rule 15(d), that "[a]bsent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, the motion [to supplement pleadings] should be freely granted," applies equally to Plaintiffs' request here. *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995).  Plaintiffs recently discovered these facts, which have long been in the possession of the Defendants, and which bear significantly on Plaintiffs' jurisdictional argument.  Plaintiffs respectfully request permission to place them before the Court on this motion.

To the extent the Court does not find a supplemental affidavit appropriate at this juncture, or does not believe that a supplemental affidavit would place these facts and supporting

12812970

Judge Abrams
June 17, 2021
Page 3

documents properly before the Court on this motion, Plaintiffs seek leave to amend the
complaint to add these jurisdictional facts.


Respectfully submitted,

/s/ John D. Winter
John D. Winter

cc: Nicholas O'Donnell, counsel for Defendants (by ECF)

12812970