**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/28/2021

————————————————————————
                              )
SUSAN F. BLOOM and FIDUCIARY   )
TRUST COMPANY INTERNATIONAL,  )
as Executors of the Last Will and Testament )
of ADELE KLAPPER,                       )
                              )
      Plaintiffs,                  )
                              )
v.                                )       Civil Action No. 19-10155-RA
                              )
JUAN CARLOS EMDEN, MIGUEL ERIC  )
EMDEN, and NICOLAS MARCELO     )
EMDEN,                            )
                              )
      Defendants.               )
————————————————————————)

The United States District Court for the Southern District of New York ("District Court")

presents its compliments to Obergericht des Kantons Zürich and respectfully requests assistance

to obtain documentary evidence from Walter Feilchenfeldt to be used at trial in a civil lawsuit

before this Court in the above-captioned action ("Action").

This request is made pursuant to, an in conformity with the Hague Convention of 18

March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague

Evidence Convention"), to which both Switzerland and the United States are a party.

The Court considers that the evidence sought is directly relevant to the issues in dispute.

The particulars of this Hague Evidence Request are as follows:

| | | |
|---|---|---|
| 1. | Sender | Honorable Katharine H. Parker<br>United States District Court, Southern District of New York<br>Daniel Patrick Moynihan<br>United States Courthouse<br>500 Pearl St.<br>New York, NY 1007-1312<br>USA<br>Chambers phone: (212) 805-0234<br>Chambers email: Parker-_NYSDChambers@nysd.uscourts.gov |
| 2. | Central Authority of the Requested State | Obergericht des Kantons Zürich<br>Internationale Rechtshilfe<br>Hirschengraben 13/15<br>Postfach<br>8021 Zürich 1 |
| 3. | Person to whom the executed request is to be returned | Nicholas O'Donnell, Esq.<br>Sullivan & Worcester LLP<br>One Post Office Square<br>Boston, Massachusetts 02109<br>USA<br>Email: nodonnell@sullivanlaw.com<br><br>On behalf of:<br><br>Honorable Katharine H. Parker<br>United States District Court, Southern District of New York<br>Daniel Patrick Moynihan<br>United States Courthouse<br>500 Pearl St.<br>New York, NY 1007-1312<br>USA |
| 4. | Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request | n/a |
| 5a. | Requesting judicial authority | United States District Court for the Southern District of New York<br>Daniel Patrick Moynihan<br>United States Courthouse<br>500 Pearl St.<br>New York, NY 1007-1312<br>USA |
| 5b. | To the competent authority of | Switzerland |

| 6. | Names of the case and identifying number | *Susan F. Bloom v. Juan Carlos Emden,* No. 19-cv-10155 |
|---|---|---|
| 6a. | Plaintiffs | Susan F. Bloom<br>7800 Peconic Bay Boulevard<br>Lauren, NY 11948<br><br> and<br><br>Fiduciary Trust Company International<br>280 Park Avenue<br>New York, NY 10017<br><br>Represented by:<br>John D. Winter, Esq.<br>Emma Ellman-Golan<br>Patterson Belknap Webb & Tyler LLP<br>1133 Avenue of the Americas<br>New York, NY 10036<br>USA<br>Email: jwinter@pbwt.com |
| 6b. | Defendants | Juan Carlos Emden<br>Luz Vicuna 190-194<br>Zapallar 5TA Region Chile<br><br>Miguel Eric Emden<br>Candelaria Goyenechea 3930, Dpt 304<br>Vitacura, Santiago, Chile<br><br>and<br><br>Nicolas Marcelo Emden<br>Valle del Monasterio 2332 Dpt. Z01,<br>Lo Barnechea, Santiago, Chile<br><br>Represented by:<br>Nicholas O'Donnell, Esq.<br>Sullivan & Worcester LLP<br>One Post Office Square<br>Boston, Massachusetts 02109<br>USA<br>Email: nodonnell@sullivanlaw.com |
| 7a. | Nature of the proceedings | Declaratory judgment. |

| 7b. | Summary of complaint | *See* below. |
|---|---|---|
| 7c. | Summary of defense | |
| 7d. | Other necessary information or documents. | |

## NATURE AND SUMMARY OF THE PROCEEDING

This case is a declaratory judgment action regarding title to a painting by Monet known as *Le Palais Ducal*.

Max Emden, a German businessman and art collector, was persecuted by Germany as a Jew during the Holocaust. He owned the Painting at the time of his death in 1940. The Painting passed to Max's son, Hans Erich Emden. The defendants (Juan Carlos Emden, Miguel Eric Emden, and Nicolas Marcelo Emden) are the sons and heirs of Hans Erich Emden.

Plaintiffs allege that, in 1942, Olga Ammann—a secretary and confidant of Max Emden and Hans Erich Emden—sold the Painting on behalf of Hans Erich Emden. They allege that Ms. Amman was fully and properly authorized to enact a sale, and that the alleged sale was valid. Plaintiffs allege that either (1) Ms. Ammann sold the Painting to Walter Feilchenfeldt, who later sold it to Herman Lutjens, or (2) that Ms. Ammann sold the Painting to Walter Feilchenfeldt on behalf of Herman Lutjens. The Plaintiffs and Defendants agree that, in 1952, Herman Lutjens displayed the Painting at the Kunsthaus Zürich.

The Painting later came into the custody of Adele Klapper, who died in 2018. Plaintiffs Susan F. Bloom and Fiduciary Trust Company International are the executors of the last will and testament of Adele Klapper. They desire to sell the Painting. In order to sell it, they have asked the United States District Court for the Southern District of New York for a declaration that Adele Klapper's estate possesses clear and marketable title to the Painting, free of any claim by the Defendants or any other unknown heir of Hans Erich Emden.

| 8a. | Evidence to be obtained | Documents to be obtained from Walter Feilchenfeldt (please see list of documents itemized in Schedule A, attached). |
|---|---|---|
| 8b. | Purpose of the evidence sought | Walter Feilchenfeldt is believed to have possession of the papers of his relative Walter Feilchenfeldt, who allegedly purchased the Painting (on his own behalf or as an agent) in 1942. Defendants seek documents regarding the alleged sale and other relevant information held by Walter Feilchenfeldt. |
| 9. | Identity and address of any person to be examined | Not applicable; Defendants do not seek depositions. The person from whom documents are sought is: Walter Feilchenfeldt Postfach 1763 CH-8032 Zürich informatioin@walterfeilchenfeldt.ch |
| 10. | Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined | Not applicable; Defendants do not seek depositions. |
| 11. | Documents or other property to be inspected | Please see the documents attached Schedule A. Defendants seek photocopies of the documents. |
| 12. | Any requirement that the evidence to be given on oath or affirmation and any special form to be used | Not applicable; Defendants do not seek depositions. |
| 13. | Special methods or procedure to be followed (e.g. oral or in writing, verbatim transcript or summary, cross-examination, etc.) | Not applicable; Defendants do not seek depositions. |
| 14. | Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified | Please notify the counsel listed in Section 6 regarding the time and place for the execution of the Request. |
| 15. | Request for attendance or participation of judicial personnel of the requesting | No attendance of judicial personnel is requested. |

| | | |
|---|---|---|
| | authority at the execution of the Letter of Request | |
| 16. | Specification of privilege or duty to refuse to give evidence under the law of the Requesting State | Under the laws of the United States, a witness has a privilege to refuse to give evidence if to do so would disclose a confidential communication between the witness and his attorney that was communicated specifically for the purpose of obtaining legal advice and which privilege has not been waived. United States law also recognizes a privilege against self-incrimination. Certain limited immunities are also recognized outside the strict definition of privilege, such as the limited protection of work product created by attorneys during or in anticipation of litigation. |
| 17. | The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by | Should there be any costs associated with the service herein, including the required fees and costs incurred in executing this letter of request, in serving process to compel the appearance of the witness and his attendance, and in preparing a transcript of the proceedings, pursuant to Article 26 of the Hague Convention, it will be the responsibility of the attorneys for Defendants to reimburse the judicial authorities of Switzerland for any costs and fees. Please direct any correspondence or communications concerning costs to Defendants' Counsel identified in 6b. |
| | Reciprocity | In the furtherance of justice and by the proper and usual process of this court, the District Court assures the judicial authorities of Switzerland that it is willing to provide similar cooperation and assistance to the judicial authorities of Switzerland e in the event that Switzerland requests similar assistance. |
| | Date of Request | ___June___ __28__ , 2021 |
| | Signature and Seal of the Requesting Authority | *Kathaine H Parker*<br><br>Hon. Katharine H. Parker |

**SCHEDULE A – Walter Feilchenfeldt**

**Please provide photocopies of the documents listed.**

1.      All documents concerning Max Emden, including (without limitation) his persecution and/or art collection.

2.      All documents concerning the painting known as *Le Palais Ducal* by Claude Monet, dated 1908, and previously owned by Max Emden (the "Painting").

3.      All documents concerning all purchases and/or sales of the Painting, including (without limitation) the circumstances of such purchases and sales, and the reasons for the price(s) paid for the Painting.

4.      All documents concerning paintings by Monet previously owned by Max Emden that Walter Feilchenfeldt owned and/or of which he had custody.

5.      All correspondence between Walter Feilchenfeldt and Hans Erich Emden, including, without limitation, all such corresponding concerning the Painting, Max Emden, and/or art previously owned by Max Emden.

6.      All documents concerning Olga Ammann's relationship with Max Emden and her role in selling pieces from his art collection.

7.      All documents concerning whether Walter Feilchenfeldt acted as an agent for Hans Lütjens.

8.      All documents concerning both the Painting and Hans Lütjens.